**Mark Alan RADKE, Petitioner—
Appellant,**

v.

**Ernest ROE, Warden, Respondent—
Appellee.**

No. 02–55461.

D.C. No. CV–98–02101–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2003.

Decided March 18, 2003.

---

Before T.G. NELSON, SILVERMAN, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Mark Radke appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 1990 California conviction for the first degree murder of a juvenile co-worker. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review the district court's denial of the habeas petition de novo. *Fernandez v. Roe,* 286 F.3d 1073, 1076 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 514, 154 L.Ed.2d 395 (2002). We can grant relief under 28 U.S.C. § 2254 only if we find that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). We affirm because the state courts' decisions were not an unreasonable application of clearly established law.

Because the parties are familiar with the facts, we will not recite them in this decision.

Radke argues that trial counsel was ineffective because he presented inconsistent defenses of alibi and mere presence. He also argues that counsel failed to advise Radke that his only chance of acquittal was for Radke to testify. Because the state court applied *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we review the state decision to determine whether that decision was an unreasonable application of clearly established law. *See Williams v. Taylor,* 529 U.S. 362, 406–07, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (holding that a federal court sitting in habeas review may overturn a state court decision only where the state court's application of Supreme Court precedent is unreasonable, not where a federal court might merely disagree with the state court's application of the law). To prevail on his ineffective assistance claim, Radke must show that counsel's representation fell below an objective standard of reasonableness and that Radke was prejudiced. *Strickland,* 466 U.S. at 687–88, 694.

The state court's rejection of the ineffective assistance of counsel claim was not an unreasonable application of *Strickland.* Contrary to Radke's argument, counsel did not present logically inconsistent defenses of alibi and mere presence. Rather, the theme of counsel's defense was that Radke was not present when the murder occurred, and that at most, the evidence established that Radke had arrived at the scene afterward. There was no inconsistency. Radke has not shown that counsel's representation fell below the objective standard of reasonableness. Quite the opposite. A careful review of the record shows that counsel did a remarkable job with unfavorable facts.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The state court found that defense counsel did not prevent Radke from testifying on his own behalf or discourage him from doing so. Radke has not rebutted by clear and convincing evidence that finding of fact which we must presume to be correct. 28 U.S.C. § 2254(e)(1).

■ Radke also argues that the state court violated his right to confront the witnesses against him by admitting various statements made by the victim to Justin Valdivia. Hearsay evidence contains sufficient indicia of reliability to satisfy the Confrontation Clause when the evidence either falls within a "firmly rooted hearsay exception" or "contains particularized guarantees of trustworthiness such that adversarial testing would be expected to add little, if anything, to the statements' reliability." *Lilly v. Virginia*, 527 U.S. 116, 124–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999), (quoting *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) (internal quotation marks omitted)).

The statements of the victim's future intent (that the victim intended to go with Radke that night and expected to be rewarded with wine coolers) were admitted pursuant to the state of mind exception to the hearsay rule and their receipt into evidence was accompanied by an appropriate limiting instruction. Statements of future intent to prove subsequent conduct have long been held to be admissible. *See Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 295, 12 S.Ct. 909, 36 L.Ed. 706 (1892); *United States v. Pheaster*, 544 F.2d 353, 380 (9th Cir.1976) (concluding that district court did not err in admitting statement by alleged kidnap victim of intent to meet accused at specified time and place); McCormick on Evidence § 275, at 222, John W. Strong ed., 5th ed. (1999).

■ The statements attributed to the victim about his *past* activities (e.g., that the victim had gone with Radke before and had been rewarded with wine coolers) were offered for the truth of the matter asserted and do not fit within any exception. However, the admission of these statements was clearly harmless in light of the admissibility of the very similar statements of future intent which, as we have said, *were* properly admitted, and in light of the substantial evidence supporting the conviction. *See Brecht v. Abrahamson*, 507 U.S. 619, 629–30, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

For the same reason, the admission of the evidence also therefore did not render the trial so fundamentally unfair as to deny Radke due process of law. *Estelle v. McGuire*, 502 U.S. 62, 70, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Drayden v. White*, 232 F.3d 704, 710 (9th Cir.2000).

AFFIRMED.